UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>KYLE FEIGLEY, et al.,<br><br>        Defendants. | Civil Action No. 20-20358 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Jeffrey Johnson's amended complaint. (ECF No. 15.) Because Plaintiff was previously granted *in forma pauperis* status in this matter (*see* ECF No. 12), the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A

complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his amended complaint, Plaintiff alleges that various members of a New Jersey police task force and the state prosecutors overseeing that task force engaged in improper surveillance of his home and family without proper warrants. (ECF No. 15 at 5-12.) Plaintiff alleges that following this allegedly improper surveillance, including wiretaps allegedly conducted without a warrant, Defendant Feigley "lied" in his affidavit seeking a search warrant of a home in Trenton. Plaintiff further alleges that Feigley secured "fake" search warrants with a forged judge's signature that Defendants then used to search two adjacent homes in Trenton, which resulted in the seizure of various items belonging to Plaintiff. (*Id.* at 16.) Two of Plaintiff's vehicles were also allegedly

2

taken without a warrant and impounded. (*Id.* at 17.) All of these searches thereafter resulted in Defendants charging Plaintiff with various offenses, which he alleges are improper as they are based on "fake" search warrants and false reports. (*Id.* at 15-17.) Plaintiff also alleges that one of the officers testified against him at parole hearings. It is unclear from Plaintiff's complaint, however, what was improper about the officer being permitted to testify against him, other than the fact that the officer's testimony concerned pending charges that are not contained in one of Plaintiff's current indictments.[1] (*Id.* at 15.) Finally, Plaintiff alleges that his parole officer subjected him to imprisonment even after a parole board determination that GPS monitoring was appropriate. (*Id.*)

Based on these allegations, the Court construes Plaintiff's complaint to be raising claims for illegal search and seizure in violation of the Fourth Amendment against Defendants Daab, Feigley, Zoppina, Talar, Hawkings, Sansone, Sefick, Blair Astbury, Jayson Astbury, King, Ryan, Cox, Mancheno, and Gibson; false imprisonment against Defendant Cherry; and malicious prosecution against various Defendants related to both parole violation proceedings and criminal proceedings instituted against Plaintiff. Having reviewed the complaint, the Court finds no basis for the dismissal of Plaintiff's search and seizure and false imprisonment claims at this time and will permit those claims to proceed against the relevant Defendants.

Plaintiff's remaining malicious prosecution claims, however, all suffer from the same defect – Plaintiff has failed to allege that any of his proceedings, criminal or parole related, terminated in his favor. A malicious prosecution claim, however, requires the pleading of

---

[1] To the extent Plaintiff intended this allegation to be the basis of a separate claim apart from his malicious prosecution claims, he is free to seek to further amend his complaint and clarify the issue.

favorable termination. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As such, Plaintiff's malicious prosecution claims are dismissed without prejudice at this time.

**IT IS THEREFORE** on this 13th day of June, 2023, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter;

2. Plaintiff's illegal search and seizure claims shall **PROCEED** against Defendants Daab, Feigley, Zoppina, Talar, Hawkings, Sansone, Sefick, Blair Astbury, Jayson Astbury, King, Ryan, Cox, Mancheno, and Gibson at this time;

3. Plaintiff's false imprisonment claim shall **PROCEED** as to Defendant Cherry;

4. Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**;

5. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Cherry, Daab, Feigley, Zoppina, Talar, Hawkings, Sansone, Sefick, Blair Astbury, Jayson Astbury, King, Ryan, Cox, Mancheno, and Gibson;

6. Plaintiff shall complete the forms and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

7. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the amended complaint (ECF No. 15), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

8. Defendants Cherry, Daab, Feigley, Zoppina, Talar, Hawkings, Sansone, Sefick, Blair Astbury, Jayson Astbury, King, Ryan, Cox, Mancheno, and Gibson shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and

9. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE