**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY JOHNSON,

        Plaintiff,

v.

FEIGLEY, *et al.*,

        Defendants.

Civil Action No. 20-20358 (MAS) (JBD)

**ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on pro se Plaintiff Jeffrey Johnson's ("Plaintiff") motion for default judgment against Defendants.[1] (ECF No. 28.) Plaintiff, however, filed his motion[2] without a moving brief.

    "[B]efore entering default judgment, the Court must determine '(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper."'" *Miranda v. Maxcare, Inc.*, No. 22-5412,

---

[1] Defendants in this case are Deputy Attorney General Eric Daab ("Daab"), New Jersey Parole Officer Juanita Cherry ("Cherry"), and New Jersey State Police members Blair Astbury ("B. Astbury"), Kyle Feigley ("Feigley"), T. Gibson ("Gibson"), Lisa King ("King"), Thomas Ryan ("Ryan"), James Sansone ("Sansone"), Glenn Sefick ("Sefick"), Chris Talar ("Talar"), and Anthony Zoppina ("Zoppina"). Also named as Defendants are Brian Hawkings ("Hawkings"), Jayson Astbury ("J. Astbury"), Katherine Cox ("Cox"), and Eric Mancheno ("Mancheno").

[2] Plaintiff's motion is unclear. In his motion, Plaintiff alleges that "the summons and complaint were duly served on the Defendants, Brian Hawkings, Jayson Astbury, Katherine Cox, [and] Erik Mancheno," but fails to specify which defendants Plaintiff seeks default judgment against. (ECF No. 28.)

2023 WL 5237116, at *1 (D.N.J. Aug. 15, 2023) (quoting *Mycone Dental Supply Co., Inc. v. Generic Mfg. Corp.*, No. 22-5791, 2023 WL 3742827, at *2 (D.N.J. May 31, 2023)); *Meenaxi Enter., Inc. v. Shakti Grp. USA LLC*, No. 22-7383, 2023 WL 7181433, at *3 (D.N.J. Nov. 1, 2023) ("Before entering a default judgment pursuant to Rule 55(b), a court performs a *thorough analysis* of the plaintiff's claims and entitlement to relief." (emphasis added)).

Here, Plaintiff filed his motion without a moving brief and thus fails to produce sufficient support for his entitlement to relief, including proof of valid service and evidence of jurisdiction. *See Miranda*, 2023 WL 5237116, at *1 (denying plaintiff's motion for default judgment because plaintiff failed to "address[] subject matter or personal jurisdiction in his moving brief").

Accordingly, for the reasons set forth above and based on the Court's inherent power to control the matters on its docket,

**IT IS** on this 21st day of February, 2024, **ORDERED** that:

1. Plaintiff's motion for default judgment (ECF No. 28) is **DENIED WITHOUT PREJUDICE** for failure to include a moving brief that addresses the necessary requirements for the Court's consideration.³

2. The Clerk of Court is directed to terminate ECF Nos. 28, 32.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

³ Plaintiff also filed a motion for entry of default "against the State[,]" alleging that "co-defendant Andrew Boone has no representation . . . ." (ECF No. 32.) Andrew Boone was not named as a defendant in Plaintiff's Complaint (*see* ECF No. 1), and Plaintiff does not provide any further details as to Andrew Boone's relevance to this matter. Plaintiff's motion for entry of default is therefore **DENIED WITHOUT PREJUDICE**.