**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JOHNSON,<br><br>                Plaintiff,<br><br>     v.<br><br>KYLE FEIGLEY, *et al.*,<br><br>                Defendants. | Civil Action No. 20-20358 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants' motion to dismiss Plaintiff's amended complaint in this prisoner civil rights matter. (ECF No. 45.) Although Plaintiff did not file opposition to the motion, he did briefly object to the motion in filing a discovery motion. (ECF No. 51.) This Court previously summarized the factual contentions in Plaintiff's amended complaint as follows:

> Plaintiff alleges that various members of a New Jersey police task force and the state prosecutors overseeing that task force engaged in improper surveillance of his home and family without proper warrants. (ECF No. 15 at 5-12.) Plaintiff alleges that following this allegedly improper surveillance, including wiretaps allegedly conducted without a warrant, Defendant Feigley "lied" in his affidavit seeking a search warrant of a home in Trenton. Plaintiff further alleges that Feigley secured "fake" search warrants with a forged judge's signature that Defendants then used to search two adjacent homes in Trenton, which resulted in the seizure of various items belonging to Plaintiff. (*Id.* at 16.) Two of Plaintiff's vehicles were also allegedly taken without a warrant and impounded. (*Id.* at 17.) All of these searches resulted in Defendants charging Plaintiff with various offenses, which he alleges are improper as they are based on "fake" search warrants and false reports. (*Id.* at 15-17.) Plaintiff also alleges that . . . his parole officer subjected him to

>>imprisonment even after a parole board determination that GPS monitoring was appropriate. (*Id.* [at 15.])

(ECF No. 18 at 2-3.) In June 2023, after this matter was transferred, the Court screened the amended complaint and dismissed Plaintiff's malicious prosecution claims without prejudice, but permitted Plaintiff's illegal search, illegal seizure, and false imprisonment claims to proceed. (*Id.* at 3-5.) Defendants now move to dismiss Plaintiff's remaining claims, arguing that those claims are barred by the *Heck* doctrine.[1]

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the

---

[1] *See Heck v. Humphries*, 512 U.S. 477, 486-87 (1994).

2

line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Defendants argue that Plaintiff's search, seizure, and false imprisonment claims are barred by the *Heck* doctrine. In making that argument, however, Defendants rely upon a number of documents – Plaintiff's indictment, various documents related to Plaintiff's guilty plea in state court in late 2023, a presentence report prepared in state court, and Plaintiff's October 2023 judgment of conviction. (*See* ECF No. 45-3-6; ECF No. 46.)

"Generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . unless a document is integral to or explicitly relied upon in the complaint[, in which case] it may be considered without converting the motion to dismiss into one for summary judgment under Rule 56." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (internal quotations omitted). That said, a court considering a motion to dismiss may take notice of the factual existence of another court's entry of a judgment or opinion – "not for the truth of the facts recited therein, but for the existence" of the document alone. *Id.* (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). A court may likewise consider the existence, rather than the truth of the contents of, public records. *Id.* A court faced with a motion to dismiss may not, however, consider other extraneous documents without converting the motion to dismiss into one for summary judgment. *Id.*

In this matter, the Court may clearly take notice of the existence of the October 2023 judgment of conviction, and that the state court entered an order denying a motion to suppress evidence in February 2023. The remainder of the documents Defendants submit, however, are neither intrinsic to the complaint nor explicitly relied upon in the preparation of the complaint.

3

Indeed, the remaining documents largely run counter to Plaintiff's factual allegations. The Court thus cannot consider those documents in deciding the present motion because the Court declines to convert the motion into one for summary judgment.[2]

Turning to Defendants' substantive arguments, Defendants contend that Plaintiff's civil rights claims are barred by *Heck*. Under the doctrine established in *Heck*, "a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his conviction]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration" *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Claims asserting illegal searches and seizures in the ordinary case will not necessarily imply the invalidity of a prisoner's conviction as the fruits of an illegal search will rarely present the sole evidentiary leg on a which a prisoner's conviction stands. *See, e.g., Chambers v. Hathaway*, 406 F App'x 571, 573 (3d Cir. 2011); *see also Hall v. Nisbit*, No. 21-2139, 2022 WL 421804, at *2 (3d Cir. Feb. 11, 2022). An illegal search claim will therefore be barred by the *Heck* doctrine only in cases where the plaintiff "affirmatively contends" that the search and its fruits directly "resulted in his unlawful conviction," *see Keeling v. Att'y Gen. for Pa.*, 575 F. App'x 16, 18 (3d Cir. 2014), or where it is clear from the record that the fruits of the search are the lynchpin of the case against the plaintiff and it is clear that the suppression of those fruits would necessarily call the plaintiff's conviction into question. *See Fields v. Venable*, 674 F. App'x 225, 229 (3d Cir. 2016); *Usery v. Wood*, No. 14-6346, 2017 WL 960354, at *7 (D.N.J. Mar. 13, 2017).

---

[2] The Court declines to convert the motion for several reasons – Defendants did not expressly raise the possibility of converting the motion, Defendants did not address or otherwise mention the Rule 56 summary judgment standard, and Plaintiff's brief objection to the motion to dismiss does not indicate any awareness of the possibility of the motion being converted. *See, e.g., Kennedy v. ESQ Cap. III, LLC*, No. 23-2268, 2024 WL 1739863, at *2-3 (D.N.J. Apr. 22, 2024) (conversion improper where nonmoving party not given adequate notice of possibility of conversion).

4

In this matter, Plaintiff's claims concern the search and seizure of items in and around his home. Plaintiff ultimately pled guilty to charges of unlawful possession of a weapon and being a felon in possession of a weapon. (*See* ECF No. 45-6 at 1.) Nothing in Plaintiff's complaint or in the documents this Court can consider—Plaintiff's judgment of conviction and the mere fact that the state court denied a suppression motion—necessarily indicates that Plaintiff's guilty plea would be invalid in the absence of the evidence that came from the challenged search. Given the sheer number of charges Plaintiff faced, his guilty plea was clearly a compromise with the State. Nevertheless, it would be difficult to reach such a conclusion without a developed record and the ability to consider documents outside of the amended complaint. Here, it is not clear from the documents that this Court may consider that the fruits of the allegedly illegal searches and seizures were the lynchpin in Plaintiff's decision to plead guilty. In turn, it is not clear that Plaintiff's conviction would necessarily be called into question by his current claims. Defendants, therefore, have not shown that Plaintiff's illegal search and seizure claims are barred by *Heck*[3] and their motion must be denied as to those claims.[4]

---

[3] Even if the Court *could* consider the other documents Defendants referenced, the outcome would not change. Plaintiff pled guilty to counts 28 and 29 of his indictment, both of which related to Plaintiff's possession of a litany of different firearms, including those involved in a number of controlled buys in which confidential informants allegedly purchased weapons and drugs from Plaintiff *prior* to the alleged searches that give rise to Plaintiff's claims. (*See* ECF No. 46; ECF No. 45-6 at 6-9.) The charges to which Plaintiff pled guilty thus could be well supported with only those controlled buys even if the guns seized from Plaintiff's home had been suppressed. It thus does not appear that these claims would necessarily imply the invalidity of Plaintiff's conviction even considering the documents submitted, which are beyond the scope of this motion to dismiss.

[4] Defendants also suggest that the Court should consider the denial of the suppression motion under *Heck* as sufficient reason to bar Plaintiff's claims, a suggestion that appears to be based on issue preclusion principles. *Heck*, however, has never been found by the Supreme Court or Courts of Appeals to serve as a basis for issue preclusion. *See, e.g., Altagracia v. Viola*, No. 21-13017, 2022 WL 17417112, at *4 (D.N.J. Dec. 5, 2022). To the extent Defendants wish to argue that issue preclusion should apply in light of decisions made in state court regardless of *Heck*, they may raise that issue during an appropriate motion for summary judgment at the conclusion of discovery.

In their final argument, Defendants contend that Plaintiff's false imprisonment claim, raised against a parole official ("Defendant Cherry") and related to Plaintiff's detention after a parole board had found GPS monitoring sufficient, should also be barred by *Heck*. From the complaint, the nature of Plaintiff's detention is not entirely clear—i.e., whether it was part of a parole revocation, an arrest pending revocation hearings, or the like. A false imprisonment claim, as opposed to a malicious prosecution claim whose damages are based on a period of detention, runs only from the time a prisoner is taken into custody until the time he is bound over pursuant to legal process—such as a detention hearing, revocation hearing, or bail proceedings. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007).

The claim this Court permitted to proceed upon initial screening is limited to whatever period of detention predated Plaintiff being so bound over. Thus, it does not apply to the period *after* Plaintiff was legally detained following his detention hearing in his criminal case.[5] Because claims of false imprisonment only cover detention prior to legal process, they generally do not implicate the validity of a conviction or parole revocation and therefore generally are not barred by *Heck*. *See, e.g., Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998)). A false imprisonment claim will thus only be *Heck* barred where it is clear that the challenge to the arrest is part and parcel of a direct challenge to the

---

[5] The Court recognizes that Plaintiff mentions dates that appear to be beyond the date of his criminal detention hearing. Obviously, Plaintiff would be unable to recover any damages or relief for the period of detention *after* his criminal detention hearing through the false imprisonment claim that this Court previously proceeded. Any such damages would only be available through a malicious prosecution claim, which Plaintiff cannot pursue unless and until he shows the favorable termination of the charges against him, a task Plaintiff cannot complete until such time as his conviction is overturned. Because this Court already dismissed Plaintiff's malicious prosecution claims, any argument Defendants present as to Plaintiff's detention after his detention hearing is largely irrelevant to Plaintiff's false imprisonment claim. Should discovery prove that Defendant Cherry had no hand in Plaintiff's detention prior to that detention hearing, such facts would potentially support a later motion for summary judgment.

plaintiff's conviction. *Id.* Plaintiff's allegations against Defendant Cherry raised in the operative complaint and the facts contained in the few documents this Court can consider are not clearly challenges to his parole revocation or prosecution on weapons offenses. Consequently, this claim is not clearly *Heck* barred. Defendants' motion to dismiss is therefore denied as to this claim as well.[6]

**IT IS THEREFORE** on this 22nd day of July, 2024, **ORDERED** that:

1. Defendants' motion to dismiss (ECF No. 45) is **DENIED**; and
2. The Clerk of the Court shall serve a copy of this Order and the accompanying Opinion upon Defendants electronically and upon Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] Should it become clear through discovery that Plaintiff's false arrest claim *is* a veiled attack on his conviction or parole revocation, Defendants are free to re-raise the *Heck* bar issue through a summary judgment motion at the appropriate time.