UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JOHNSON, | Civ. No. 20-20358 (MAS)(JBD) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| KYLE FEIGLEY, *et al.*, | |
| Defendants. | |

Before the Court is *pro se* plaintiff Jeffrey Johnson's motion to compel the production of five audio/video recordings and a handgun. [Dkt. 82.] Defendants Blair Astbury, Juanita Cherry, Eric Daab, Kyle Feigley, Timothy Gibson, Lisa King, Thomas Ryan, James Sansone, Glenn Sefick, Chris Talar, and Anthony Zoppina (the "NJOAG Defendants") oppose the motion. [Dkt. 83.] For the reasons set forth below, Johnson's motion is granted in part and denied in part.

\*

The Court writes for the parties and accordingly assumes familiarity with the case. On April 3, 2025, fact discovery closed. [Dkt. 77.] Thereafter, on May 30, 2025, the NJOAG Defendants filed a motion for summary judgment. [Dkt. 80.] Instead of filing an opposition to that motion, on June 13, 2025, Johnson filed the motion to compel now before the Court. [Dkt. 82.] In his motion, Johnson seeks to compel the NJOAG Defendants to (i) "produce for inspection and copying" the audio/video recordings referenced in the New Jersey State Police's Supplemental Investigation Report dated August 7, 2019; and (ii) "produce to the

1

Court for inspection" the Spesco .25 caliber handgun with serial number 17236 allegedly seized from Johnson's home during the execution of a search warrant. [Dkt. 82] at 1-2, 7-9; [Dkt. 82-2] at 23.  Johnson also seeks an extension of the deadline to resolve discovery disputes, which expired at the close of fact discovery. [Dkt. 84.]  The NJOAG Defendants oppose the motion on the grounds that it is time-barred and that reopening discovery at this stage would be prejudicial, and because Johnson did not properly serve the NJOAG Defendants with the discovery requests in the first instance.  [Dkt. 83] at 3-6.

*

In assessing a motion to compel, the Court must determine whether the discovery sought by the motion falls within the scope of proper discovery under Federal Rule of Civil Procedure 26.  *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 196 (D.N.J. 2010), *aff'd,* Civ. No. 08-6292 (RBK), 2010 WL 3724271 (D.N.J. Sept. 15, 2010) ("In deciding a discovery motion, the Court must focus on whether the information, under Fed. R. Civ. P. 26, is relevant to the claims or defenses of the parties.").  "When addressing the scope of discovery under [Rule 26] the court must consider a number of factors" including:  "(1) the importance of the issues at stake in th[e] action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *United States v. Morales*, Civ. No. 17-7447 (LHG), 2019 WL 13251180, at *5 (D.N.J. July 31, 2019) (citations omitted).

Where, as here, a motion to compel is filed after the fact discovery deadline, the Court must also analyze whether to permit an amendment to the scheduling order under Federal Rule of Civil Procedure 16. *Zimmerman v. Edwin A. Abrahamsen & Assocs., P.C.*, Civ. No. 15-1174, 2017 WL 3701827, at *4 (M.D. Pa. Aug. 28, 2017) (collecting cases). Under Rule 16, the Court may modify a pretrial schedule "only for good cause," which exists when the deadlines set forth in the scheduling order cannot be met "despite the diligence of the party seeking the extension," or "due to any mistake, excusable neglect or any other factor which might understandably account for failure . . . to undertake to comply with the Scheduling Order." Fed. R. Civ. P. 16(b)(4); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990); *Piano Wellness, LLC v. Williams*, Civ. No. 11-1601 (AMD), 2013 WL 12303219, at *3 (D.N.J. Aug. 7, 2013) (quotation omitted). Ultimately, however, "'Rule 26 vests the trial judge with broad discretion to tailor . . . and [ ] dictate the sequence of discovery.'" *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. No. 15-3271 (JMV), 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Exercising its broad discretion, the Court grants Johnson's motion in part and denies it in part. As an initial matter, Johnson filed his motion to compel after the fact discovery deadline and therefore it is, as NJOAG Defendants correctly note, untimely. *Zimmerman*, 2017 WL 3701827, at *4. The scheduling order in this case explicitly states that "[o]utstanding discovery disputes must be resolved by appropriate motion returnable before [the fact discovery deadline]," which was

3

April 3, 2025.  [Dkts. 68, 77.]  Johnson, however, did not file his motion until June 13, 2025—two months after the close of fact discovery.  [Dkt. 82.]  Nonetheless, on balance, the Court finds good cause to reopen discovery for the limited purpose of resolving Johnson's motion and compelling NJOAG's production of the requested audio/video recordings.

Although Johnson failed to pursue his requested discovery within the designated fact discovery period, it appears that his delay in filing his motion may be attributable to the fact that he received a new production of documents from defendants on May 16, 2025, and his unawareness that the close of fact discovery limited his ability to obtain additional evidence thereafter.  *See* [Dkt. 82-1] at 1; [Dkt. 84] at 1.  Johnson's motion was also filed only two months after the close of fact discovery.  [Dkt. 82.]  And while the NJOAG Defendants argue that "reopening discovery would severely prejudice [them]" as they "timely filed a motion [for] summary judgment," the Court administratively terminated that motion pending the resolution of Johnson's motion to compel.  [Dkt. 83] at 6 (citing [Dkt. 80]); [Dkt. 86].  The Court will permit the NJOAG Defendants to promptly refile their motion, thus alleviating any possible prejudice.

Additionally, the audio/video recordings Johnson requests appear directly relevant to his allegations that he was improperly surveilled without warrants and that the controlled firearm purchases underlying the execution of the warrants leading to the search of his home and ultimate arrest were fabricated.  Accordingly, the recordings bear directly on his core claim that defendants violated his Fourth

4

Amendment rights through an illegal search and seizure. [Dkt. 82-2] at 1-2. Johnson also only seeks to compel five recordings, and the NJOAG Defendants have neither presented any burden argument nor disputed the relevance of those materials.[1]

Accordingly, while the Court appreciates Johnson's delay in filing his motion, considering the relevant nature of the requested recordings, the slight burden of production and lack of prejudice to the NJOAG Defendants, and Johnson's *pro se* status, the Court finds good cause to reopen discovery and to compel the production of the requested audio/video recordings. *See, e.g., Gilmore v. Macy's Retail Holdings*, Civ. No. 06-3020 (JBS), 2009 WL 2488194, at *2 (D.N.J. Aug. 11, 2009) (noting that *pro se* litigants must comply with procedural rules, but nonetheless permitting an appeal outside the deadline for appeal under an excusable neglect standard where there was no prejudice, minimal delay, and the reason for the delay was due to the *pro se* litigant's confusion as to the rules) (quotations omitted); *Kane v. Manufacturers Life Ins. Co.*, Civ. No. 08-4581 (MAS), 2011 WL 13238408, at *7 (D.N.J. Aug. 2, 2011) (granting motion to compel filed after the close of fact discovery in part because "the Court [wa]s not willing to penalize [the moving party] by excluding clearly relevant discovery given its good faith efforts."); *Experian*, 2018 WL 3993449, at *4 (denying appeal of Magistrate Judge's decision to grant an untimely motion to compel in light of "the *discretion* a magistrate judge possesses to

---

[1]  If there is some reason not presented in the briefing that complicates the NJOAG Defendants' ability to produce the requested audio/video recordings, they may submit a certification explaining as much.

5

conduct discovery as he deems appropriate based on the particular case, facts, and circumstances pending before him." (emphasis in original)).

By contrast, the Court does not find good cause to compel the production of the Spesco handgun. Although perhaps relevant to Johnson's allegation that the seizure of the handgun as a result of the search warrants executed on his home was fabricated, [Dkt. 82] at 2, it appears that Johnson already requested and received photographs and ballistics information related to the handgun. *See* [Dkt. 51] at 2. Ultimately, Johnson offers no persuasive basis to warrant the production of the handgun. The handgun itself is cumulative of discovery already produced, and the Court thus finds no basis to order its production, particularly in light of Johnson's late-filed request to compel. *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, Civ. No. 08-4168 (DEA), 2012 WL 1299379, at *7-9 (D.N.J. Apr. 16, 2012) (denying motion to compel discovery that was "unreasonably cumulative or duplicative" and "the burden or expense of the proposed discovery outweigh[ed] its likely benefit" (citing Fed. R. Civ. P. 26(b)(2)(C)).

\*

For the reasons set forth above, it is on this **24th** day of **October**, **2025**,

**ORDERED** that Johnson's motion to compel, [Dkt. 82], is GRANTED in part and DENIED in part as follows:

- No later than **November 14, 2025**, the NJOAG Defendants shall produce to Johnson copies of the five audio/video recordings dated January 21, 2019; January 23, 2019; January 31, 2019; February 1, 2019; and February 5, 2019 referenced in the New Jersey State Police's Supplemental Investigation Report dated August 7, 2019.

- Fact discovery shall be reopened solely to permit the NJOAG Defendants' production of the audio/video recordings.

- Johnson's motion is otherwise denied.

**IT IS FURTHER ORDERED** that other than the discovery addressed in this Order, no additional discovery shall be permitted; and it is further

**ORDERED** that the NJOAG Defendants may file a renewed motion for summary judgment no later than **November 24, 2025**. Plaintiff may file a response in opposition to that motion on or before **January 8, 2026**, and the NJOAG Defendants may file a reply on or before **January 22, 2026**.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of this Order on Johnson by regular U.S. mail.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE